NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3095

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Diane King, of Deatsville, Alabama, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3095

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221061178-W-1.

_____

DECIDED: May 6, 2008
_____

Before NEWMAN, MAYER and SCHALL, Circuit Judges.

PER CURIAM.

Diane King appeals the final order of the Merit Systems Protection Board denying her petition for review of the initial decision denying her individual-right-of-action ("IRA") appeal for corrective action, which alleged that the Department of Veterans' Affairs ("agency") retaliated against her for engaging in protected activity. King v. Dept. of Veterans Affairs, No. AT-1221-06-1178-W-1 (M.S.P.B. Oct. 9, 2007). The board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

King was employed as a Medical Technologist at the Central Alabama Veterans Health Care System in Montgomery, Alabama. On December 26, 2005, she contacted agency police and the laboratory manager, John Wilson, three times each, expressing concerns that she and another employee with whom she had problems were working alone. Both responded to her calls. Wilson telephoned the laboratory and spoke with the employee with whom King was working, Valerie Bowie, who indicated that there were no problems. Wilson proceeded to the laboratory where he and an agency police officer discovered that King had locked herself inside the microbiology lab. King informed Wilson that she felt threatened by Bowie, but when questioned as to why, could not point to any reason other than a reference to a verbal incident that occurred five or six years earlier. Several weeks later, King again called agency police, objecting to Bowie's presence in the lab after her tour of duty for the day concluded. Bowie explained to the police that she was logging overtime to reconcile an incomplete status report. The police officer asked Bowie and King to provide statements as to what transpired, but King failed to comply. King's supervisor, Susan Meeks, e-mailed King several times regarding the incidents, instructing her three times to specifically report why she felt threatened by Bowie. King refused, stating in two separate e-mails that she did not trust Meeks, would not provide information regarding the situation, and would discuss the matter only with the District Counsel if directly contacted.

The agency suspended her for fourteen days for failure to comply with a request from her immediate supervisor. King filed an IRA appeal, claiming that the fourteen day suspension was a prohibited personnel action taken in retaliation for protected disclosures she previously made concerning, inter alia, health and safety violations,

purchasing irregularities, failure to hire a preference eligible, and inappropriate patient care. It is undisputed that she made disclosures protected by the Whistleblower Protection Act. 5 U.S.C. § 2302(b)(8). The board assumed <u>arguendo</u> that the disclosures were a contributing factor in her suspension, but concluded that the agency demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosures. 5 U.S.C. § 1221(e)(1), (2).

We must affirm the board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The board reasoned that the undisputed evidence overwhelmingly supports the charge that King inexcusably failed to comply with a request from her immediate supervisor. It also found that her immediate supervisor had no input into the decision to suspend her, and that the proposing and deciding officials were not motivated to retaliate against her for prior protected disclosures. Although she made personal complaints regarding patient care to both the proposing and deciding officials, her allegations were investigated and neither official was implicated in any wrongdoing.

Six years before the events giving rise to this appeal, she filed a successful complaint with the Office of Special Counsel that the proposing official's failure to hire her in a timely manner had violated her veterans' preference rights, and she was awarded back pay and benefits for the five-month hiring delay. The board found that the six-year interval between the events militated against a finding that the proposing official was strongly motivated to retaliate against her. The board finally concluded that

there were no employees similarly situated to her, and therefore no evidence that non-whistleblowers were treated more favorably.

Substantial evidence supports the board's conclusion that the agency established by clear and convincing evidence that it would have taken the same disciplinary action against King absent her protected disclosures.